Honorable Henry Wade Criminal District Attorney Condemnation Section Sixth Floor, Records Building Dallas, Texas 75202
Re: Use of county law library funds for a computer information center
Dear Mr. Wade:
You advise that computerized information systems provide greater quantities of legal research in shorter periods of time than conventional legal research tools can provide, and state:
 The question for your consideration is whether law library funds may be used for the purpose of implementing a computer information system.
You explain that it would be necessary to hire additional personnel in order to implement the system and provide computerized information to judges and litigants.
Article 1702h, V.T.C.S., provides:
 Section 1. The Commissioners Courts of all counties within this State shall have the power and authority, by first entering an order for that purpose, to provide for, maintain and establish a County Law Library.
. . . .
 Sec. 4. For the purpose of establishing County Law Libraries . . . there shall be taxed, collected, and paid as other costs, a sum set by the Commissioners Court not to exceed $10 in each civil case. . . . Such costs shall be collected by the clerks of the respective courts in said counties and paid by said clerks to the County Treasurer to be kept by said Treasurer in a separate fund to be known as the `County Law Library Fund.' Such fund shall not be used for any other purpose.
. . . .
 Sec. 6. The salary of the custodian or librarian and such other employees or assistants as may be necessary shall be fixed by the Commissioners Court and shall be paid out of the funds collected under this Act, or from appropriations made under this Act.
 Sec. 7. Such fund shall be administered by the Commissioners Court, or under its direction, for the purchase and lease of library materials, the maintenance of the Law Library, and the acquisition of all furniture, shelving and equipment necessary thereto, in a place convenient and accessible to the Judges and litigants of such county. The Commissioners Court shall provide suitable space for housing the law library and may, with the advice of the committee referred to in Section 5 of this Act, use funds collected under this Act for the acquisition of such space. Priority in the use of such funds shall be given to providing books, periodicals, other library materials, and staff for the law library. The Commissioners Court of the counties affected by this Act shall make rules for the use of books in said library.
In our opinion these provisions furnish ample authority to use money in the County Law Library Fund for equipping the County Law Library with computer hardware and software to aid judges and litigants in researching the law, and to employ the additional personnel needed so long as the statutory priorities are observed. Computer terminals, printers and programs designed to aid legal research are merely particular items of `equipment' or types of `library materials' within the meaning of the statute. The legislature has the authority to allow such uses of the County Law Library Fund and, in our opinion, has done so. See Attorney General Opinion MW-349 (1981).
 SUMMARY
Dallas County Law Library funds may be used to implement a computer information system.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General